UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORTHWEST ADMINISTRATORS, INC., | No. C-07-1506 SC |
| Plaintiff, | <u>DEFAULT JUDGMENT</u> |
| v. | |
| RICHARD PINOCCI, an individual doing business as ITALIAN FRENCH BAKING COMPANY and as ITALIAN FRENCH BAKING Co., | |
| Defendant. | |

## I. <u>INTRODUCTION</u>

Plaintiff Northwest Administrators, Inc. ("Northwest" or "Plaintiff"), administers the Western Conference of Teamsters Pension Trust Fund ("Trust Fund"). Northwest alleges that Defendant Richard Pinocci ("Defendant"), doing business as the Italian French Baking Company and as Italian French Baking Co., entered into a collective bargaining agreement with Teamsters Local Union No. 484, pursuant to which he was to make contributions to the Trust Fund on behalf of covered employees. Northwest alleges that Pinocci failed to make the required contributions for January 2007 through August 2007 in a timely manner. Northwest seeks to recover the unpaid contributions and liquidated damages, plus interest, as well as its attorney's fees

and costs.

Northwest filed the Complaint on March 15, 2007. Compl., Docket No. 1. Pinocci was served on April 13, 2007. See Carroll Decl., Ex. 7. Pinocci did not file a responsive pleading or Rule 12 motion, and to date, has not put in an appearance before the Court. On May 16, 2007, Northwest moved for entry of default. See Docket No. 4. On May 18, 2007, the Clerk of the Court entered default against Pinocci. See Docket No. 7.

Now before the Court is Northwest's Motion for Default Judgment. For the reasons stated herein, the Court GRANTS Northwest Default Judgment and AWARDS Northwest damages in the amount $3343.63, interest of $137.16, attorney's fees of $720.00, and costs in the amount of $500.00, for a total Judgment of $4700.79.

**II.   BACKGROUND**

In October 2000, Defendant entered into a collective bargaining agreement with twelve locals of the International Brotherhood of Teamsters (the "Union"). See Pentz Decl., Ex. 1 ("Union Agreement"). Pursuant to Section 18 of the Union Agreement, Defendant was to make monthly contributions to the Trust Fund for each employee. Id. at 11-12. Defendant and the Union also executed an Employer-Union Pension Certification, which established a perpetual obligation for Defendant to continue making contributions to the Trust Fund, even after the expiration of the Agreement, until either Defendant or the Union notified the other of intent to cancel that obligation. See Pentz Decl., Ex.

2. The Union Agreement and the Employer-Union Certification bound Defendant to the terms of the Western Conference of Teamsters Pension Trust Fund Agreement & Declaration of Trust ("Trust Agreement"). Pentz Decl., Ex. 3 ("Trust Agreement").

Under the terms of the Trust Agreement, Defendant was required to make contributions every month, due no later than the 10th day of the following month. Id., Article IV § 1. Failure to make timely contributions would result in delinquency, requiring Defendant to pay, in addition to the delinquent contributions, interest, liquidated damages, and any attorney's fees and court costs incurred by the Trust Fund in connection with the delinquency. Id., Article IV § 3(a),(b).

On February 12, 2007, the Trust Fund notified Defendant that he was delinquent in making contributions. See Pentz Decl., Ex. 4. Defendant failed to make timely contributions for January through August, 2007. See Andrade Decl., Exs. 5, 6. Defendant eventually made all of the required contributions with the exception of March 2007, for which his check bounced. See Ex. 5. Plaintiff now seeks to recover the required contribution for March 2007, as well as the liquidated damages, interest, and attorney's fees and costs mandated by the Trust Agreement.

### III. **LEGAL STANDARD**

After entry of default, the Court may enter a default judgment. Fed. R. Civ. P. 55(b)(2). Its decision whether to do so, while "discretionary," Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980), is guided by several factors.

3

1    As a preliminary matter, the Court must "assess the adequacy
2 of the service of process on the party against whom default is
3 requested." <u>Bd. of Trs. of the N. Cal. Sheet Metal Workers v.</u>
4 <u>Peters</u>, No. C-00-0395 VRW, 2000 U.S. Dist. LEXIS 19065, at *2
5 (N.D. Cal. Jan. 2, 2001).

6    If the Court determines that service was sufficient, it may
7 consider the following factors, if present, in its decision on the
8 merits of a motion for default judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

14 <u>Eitel v. McCool</u>, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  "The
15 general rule of law is that upon default the factual allegations
16 of the complaint, except those relating to the amount of damages,
17 will be taken as true.  <u>Geddes v. United Fin. Group</u>, 559 F.2d 557,
18 560 (9th Cir. 1977).  Therefore, for the purposes of this Motion,
19 the Court accepts as true the facts as alleged in the Complaint.

20 **IV.  DISCUSSION**

21    **A.   Service of Process**

22    Northwest properly served Pinocci with the Complaint and
23 Summons in this action on April 13, 2007.  <u>See</u> Carroll Decl., Ex
24 7.  The proof of service indicates that the documents were
25 delivered to Pinocci's business address and were accepted by a
26 competent individual over the age of 18 who was informed of the
27 general nature of the papers, and were also sent by mail six days

4

1 later. Id.  This service complies with Federal Rule of Civil
2 Procedure 4(e).[1]

### B. **Merits of Motion**

Accepting the allegations in the Complaint as true, as it must, the Court finds that the Eitel factors favor default judgment.

The Plaintiff's substantive claim appears solid on the merits, and is plead sufficiently in the Complaint.  Section 502(a) of the Employee Retirement Income Security Act of 1974 ("ERISA") gives the participants and beneficiaries of an ERISA-governed pension plan, such as the Trust Fund, a cause of action in federal court where an employer violates the terms of the plan. See 29 U.S.C. § 1132(a)(1)(B), (a)(3).  Further, the National Labor Relations Act of 1947 vests the district court with jurisdiction over disputes between employers and labor organizations.  See 29 U.S.C. § 185(a).  These statutes provide Northwest the basis for bringing the suit in this Court. Northwest has further shown that, by failing to make timely contributions to the Trust Fund, Defendant has violated the terms of both the Union Agreement and the Trust Agreement.  It is

---

[1] Rule 4(e)(1) allows for personal service "pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State."  Fed. R. Civ. P. 4(e)(1).  In California, "a summons may be served by leaving a copy of the summons and complaint during usual office hours in his or her office . . . with the person who is apparently in charge thereof, and by thereafter mailing a copy of the summons and complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left."  Cal. Civ. Proc. Code § 415.20; see also Docket No. 3.

5

unlikely that there can be a dispute over any of the factual issues, as the documents showing the extent of the delinquency are Defendant's own statements from the Trust Fund.  See Andrade Decl. ¶ 3, Ex. 6.  The amount of money at stake is relatively small, which favors a default judgment.

Defendant's default cannot be said to be the result of excusable neglect.  First, Defendant was properly served.  Further, he has actual knowledge of the suit -- the parties have been in contact since Plaintiff initiated this suit, as evidenced by the fact that Defendant has paid some of the delinquent contributions (without the required liquidated damages or interest) during that time.  See Andrade Decl., Ex. 5.  While it is preferable to decide cases on the merits whenever possible, this preference is not dispositive.  Where a party fails to defend against a complaint, as Defendant has failed here, Rule 55 authorizes the Court to enter default judgment.  Kloepping v. Fireman's Fund, No. C 94-2684 TEH, 1996 U.S. Dist. LEXIS 1786, at *10 (N.D. Cal. Feb. 14, 1996).

## V.   CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff Northwest Administrators, Inc., Default Judgment.  The Court hereby AWARDS Plaintiff $3343.63 in damages, $137.16 in interest, $720.00 in attorney's fees, and $500.00 in costs, for a total Judgment of $4700.79.

Default Judgment shall be and hereby is entered for Plaintiff

6

and against Defendant in the amount of $4700.79.

This Default Judgment represents the Court's final judgment regarding Defendant's delinquent contributions from January to August, 2007. It in no way affects or limits Plaintiff's right to audit Defendant's records, as allowed by the Union Agreement and the Trust Agreement, or to pursue any available remedies for past or future delinquencies not addressed herein.

IT IS SO ORDERED, ADJUDGED, AND DECREED.

Dated: November 15, 2007

_____
UNITED STATES DISTRICT JUDGE